UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PROBAR, LLC, a Utah limited liability company

        Plaintiff,

v.                                    Case No: 2:14-cv-166-FtM-38CM

ONEBODY, VARIOUS JOHN DOES, JANE DOES and ABC COMPANIES,

        Defendants.
_____/

### **ORDER**[1]

This matter comes before the Court on the Plaintiff, Probar, LLC's Renewed Unopposed Motion for Entry of Final Judgment and Permanent Injunction (Doc. #16) filed on October 27, 2014. The Defendant Onebody does not oppose the entry of a permanent injunction.

The Court has jurisdiction over the subject matter in this dispute and over Defendants, Onebody, and Onebody.Com. Venue is proper in this Middle District.

The Court, upon a review of the Verified Complaint, the Motion for Entry of Final Order and the record and evidence in this case, finds jurisdiction, venue, factual basis, and legal basis for the entry of this Order.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Plaintiff, Probar, LLC, ("Plaintiff") has been engaged in the business of the production and sale of some of the most widely sold and nutrition, meal replacement, snack and sports bars since its founding in 2002. Plaintiff's many goods, including but not limited to, its Probar branded product, are presently made available throughout the United States, in interstate commerce, include widespread distribution in the State of Florida.

Plaintiff's efforts and considerable expenditure of resources have resulted in extensive brand value, brand identity, customer loyalty and recognition.

Plaintiff is the exclusive owner of all right, title and interest in and to the trademark Probar, and various iterations thereof, including:

- United States Trademark Registration No. 2861459 for the mark PROBAR (a mark which has attained the status of "incontestable" pursuant to the Federal Trademark Act);

- United States Trademark Registration No. 4088704 for the mark PROBAR HALO;

- United States Trademark Registration No. 4394011 for the mark PROBAR BOLT;

- United States Trademark Registration No. 4452539 for the mark PROBAR and design;

- United States Trademark Registration No. 4456516 for the mark PROBAR and design;

- United States Trademark Registration No. 4511629 for the mark PROBAR MEAL;

- United States Trademark Registration No. 4513990 for the mark PROBAR; and

- United States Trademark Registration No. 4518549 for the mark PROBAR FUEL,

(hereinafter referred to as "Plaintiff's Marks").

Plaintiff's Marks are each and all fully valid, enforceable and legally subsisting, are inherently distinctive, and have been used and widely advertised and extensively promoted by Plaintiff for its goods, in interstate commerce and in the state of Florida by and through various means and modes, including but not limited to over the internet. Plaintiff's first of one or more of Plaintiff's Marks is at least as early as 2003, which is well prior to any first use date of Defendants.

Plaintiff's success is due at least in part to its use of, and rights in, Plaintiff's Marks. Through widespread and favorable public acceptance and recognition, Plaintiff's Marks are valuable assets of substantial value and serve as a symbol of Plaintiff, its exceedingly high quality goods and its goodwill.

Examples of Plaintiff's Marks on some of Plaintiff's products are below:









Defendants have used the term PROBAR to package, label, advertise, promote, offer for sale and/or sell a nutritional bar, meal replacement and sports bar without the permission of or authorization from Plaintiff. An example of Defendants' use is shown below:



Accordingly, it is now

**ORDERED:**

The Plaintiff, Probar, LLC's Renewed Unopposed Motion for Entry of Final Judgment and Permanent Injunction ([Doc. #16](Doc. #16)) is **GRANTED**.

 Defendants, together with their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation with Defendants shall cease use of (1) the term PROBAR, (2) any of Plaintiff's Marks and shall hereafter be prohibited from and shall refrain from any and all of the following:

    a.    any and all use and/or claim of ownership of the term "PROBAR" and/or any other reproduction, counterfeit, copy, colorable imitation, or confusingly similar terms or marks, in or on any advertising, slogan, website, online ad, internet domain name, packaging, promotional material, promotional communication, signs, tags and/or printed electronic matter, or in any other form or means of use;

b.     any act, or failure to act, in connection with the term "PROBAR", or any other confusingly similar terms, which is intended to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities, or causing injury to Plaintiff's business reputation, or dilution of the distinctiveness of Plaintiff's Marks set forth herein, or to Plaintiff's forms of advertisement;

c.     purchasing or using any forms of advertising including keywords or "adwords" in internet advertising containing any mark incorporating Plaintiff's Marks in text, or any confusingly similar marks, and shall, when purchasing internet advertising using keywords, adwords[2] or the like, require the activation of the term "PROBAR" as negative keywords or negative adwords1 in any internet advertising purchased or used;

d.     directly or indirectly falsely designating or representing that any of Defendants' goods or services are authorized, approved, associated with, or originating from Plaintiff;

e.     publishing, assembling, marketing, distributing, or otherwise utilizing for commercial or beneficial gain, any literature, business forms, advertisements, signs, or other representations regardless of the medium, which contain the terms, "PROBAR" or any other confusingly similar terms; and

---

[2]     For purposes of this court order, a Anegative keyword" or "negative adword" shall mean a special kind of advertiser keyword matching option that allows an advertiser to prevent its advertisement from appearing when the specific terms are a part of a given user's internet search or search string. It does not infer that the Defendants may use the specified negative keywords or adwords for any other purpose.

  f.  making any false or misleading statements of fact, false or misleading descriptions, or falsely characterizing the origin of any goods and services, and from suggesting any affiliation with, or sponsorship by, Plaintiff.

  The Clerk of the Court is directed to enter judgment accordingly, terminate all pending motions and close the file.

  **DONE** and **ORDERED** in Fort Myers, Florida this 29th day of October, 2014.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record